IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

ADAM W. DUCH, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

Case No.: _____

CLIENT SERVICES, INC.; a Missouri Corporation; and, JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

Defendants.

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### I. PRELIMINARY STATEMENT

1. Plaintiff, ADAM W. DUCH ("Plaintiff" or "DUCH"), on his own behalf and on behalf of the class he seeks to represent, brings this action for the illegal practices of the Defendant CLIENT SERVICES, INC. ("CLIENT SERVICES") who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and other similarly situated consumers.

2. Plaintiff alleges that CLIENT SERVICES's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA").

3. Such collection practices include, *inter alia*, failing to explicitly identify Plaintiff's current creditor.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has

-1-

determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

5. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of one violation. The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994).

6. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10).

7. Furthermore, the FDCPA, at 15 U.S.C. § 1692g, requires that certain information as to the validation of a debt be provided in a collection letter. 15 U.S.C. § 1692g(a)-(e). Among the *per se* violations prohibited by that section are: failing to provide the name of the creditor to whom the debt is owed, 15 U.S.C. § 1692g(a)(2).

8. Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.

## II. PARTIES

9. DUCH is a natural person.

10. At all times relevant to this lawsuit, DUCH was a citizen of, and resided in, the City of Clintonville, Waupaca County, Wisconsin.

11. At all times relevant to this complaint, CLIENT SERVICES is a for-profit corporation existing pursuant to the laws of the State of Missouri.

12. Plaintiff is informed and believes, and on that basis alleges, that CLIENT SERVICES maintains its principal business address at 3451 Harry S. Truman Boulevard, City of St. Charles, St. Charles County, Missouri.

13. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. The Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

14. Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the violative policies and procedures used by the employees of CLIENT SERVICES that are the subject of this Complaint. Those Defendants personally control, and are engaged in, the illegal acts, policies, and practices utilized by CLIENT SERVICES and, therefore, are personally liable for all the wrongdoing alleged herein.

### III. JURISDICTION & VENUE

15. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

16. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district, and because CLIENT SERVICES is subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS REGARDING PLAINTIFF

17. Sometime prior to July 1, 2016, Plaintiff allegedly incurred and defaulted on a financial obligation to Macy's ("Macy's Obligation").

18. The Macy's Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

19. CLIENT SERVICES collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

20. On or around July 1, 2016, the creditor of the Macy's Obligation either directly or through intermediate transactions assigned, placed, or transferred the debt to CLIENT SERVICES for collection.

21. CLIENT SERVICES is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

22. CLIENT SERVICES contends the Macy's Obligation is in default.

23. The Macy's Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

24. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

25. On or about July 1, 2016, CLIENT SERVICES mailed an initial collection letter, which is dated July 1, 2016. ("07/01/2016 Letter"). A true and correct copy of the 07/01/2016 Letter is attached hereto as **Exhibit A**, except that the undersigned counsel has, in accordance with Fed. R. Civ. P. 5.2, partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

26. The 07/01/2016 Letter was sent, or caused to be sent, by persons employed by CLIENT SERVICES as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27. The 07/01/2016 Letter was sent to Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The 07/01/2016 Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. On information and belief, the 07/01/2016 Letter is a mass-produced, computer-generated, form letter that is printed and mailed by CLIENT SERVICES to consumers from whom it is attempting to collect a debt.

30. The 07/01/2016 Letter is the first written communication CLIENT SERVICES mailed Plaintiff.

31. At the top left of the 07/01/2016 Letter, the Letter reads, "RE: (DSNB) Department Stores National Bank."

32. In the first paragraph of the 07/01/2016 Letter it goes on to state, "The above Macy's account has been placed with our organization for collections."

33. The 07/01/2016 Letter fails to explicitly identify the creditor.

34. The 07/01/2016 Letter also confuses the unsophisticated consumer by not clearly showing the relationship between Department Store National Bank, Macy's and the alleged debt.

35. By failing to explicitly identify the creditor the CLIENT SERVICES leaves the unsophisticated consumer in doubt about to who the alleged debt is owed and if it is legitimate.

36. CLIENT SERVICES's failure to identify the creditor is false, deceptive and misleading and is in violation of the FDCPA.

## V.  POLICIES AND PRACTICES COMPLAINED OF

37. It is CLIENT SERVICES's policy and practice to mail written collection communications to consumers, in the form attached as *Exhibit A*, which violate the FDCPA by, *inter alia*, failing to explicitly identify the creditor.

38. On information and belief, CLIENT SERVICES's written communications to consumers, in the form attached as *Exhibit A*, as alleged in this complaint under the Facts Concerning Plaintiff, number in at least the hundreds.

## VI.  CLASS ALLEGATIONS

39. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

40. Plaintiff seeks to certify one class.

41. With respect to the Class, this claim is brought on behalf of a class of all persons with addresses in the State of Wisconsin, to whom CLIENT SERVICES mailed a written collection communication, which failed to explicitly identify the creditor, during the period beginning one year prior to the filing of this complaint and ending 21 days thereafter.

42. The identities of all class members are readily ascertainable from the business records of CLIENT SERVICES and those businesses and governmental entities on whose behalf it attempts to collect debts.

43. Excluded from the Class are CLIENT SERVICES and all officers, members, partners, managers, directors, and employees of CLIENT SERVICES and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

44. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether CLIENT SERVICES's written communications to consumers, in the form attached hereto as ***Exhibit A***, violate 15 U.S.C. §§ 1692e, and 1692g(a)(2).

45. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

46. The Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

47. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, the Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. With respect to the Class, the principal issues are whether CLIENT SERVICES's

        written communications to consumers, in the form attached hereto as ***Exhibit A***, violate 15 U.S.C. §§ 1692e and 1692g(a)(2).

   (c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising from CLIENT SERVICES's common course of conduct complained of herein.

   (d)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   (e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

48. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

49. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class

certification using modified definitions of the Class, Class Claims, and the class period, and seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

50.  Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

51.  CLIENT SERVICES violated the FDCPA. CLIENT SERVICES's violations with respect to its written communications, in the form attached as *Exhibit A* include, but are not limited to the following:

  (a)  Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e; and

  (b)  Failing to explicitly identify the name of the creditor to whom the debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

## VIII.  PRAYER FOR RELIEF

52.  WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor and in favor of the Class as follows:

A.  **For the FIRST CAUSE OF ACTION**:

  (i)  An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Class set forth and defined above;

  (ii)  An award of statutory damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(iii) An incentive award in favor of Plaintiff in recognition for his services on the Class set forth and defined above;

(iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(v) For such other and further relief as may be just and proper.

## IX. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

Respectfully submitted this 16th Day of January, 2017

*s/ Heather B. Jones*
Philip D. Stern, Esq.
Heather B. Jones, Esq.
Andrew T. Thomasson, Esq.
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ  07081-1315
Telephone: (973) 379-7500
Facsimile:  (973) 532-5868
E-Mail: philip@sternthomasson.com
E-Mail: andrew@sternthomasson.com
E-Mail: heather@sternthomasson.com

Daniel A. Edelman, Esq.
Francis R. Greene, Esq.
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
Telephone: (312) 917-4500
Facsimile:  (312) 419-0379
E-Mail: dedelman@edcombs.com
E-Mail: fgreene@edcombs.com

*Attorneys for Plaintiff, Adam W. Duch, and all others similarly situated*